**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZHONGZHANG HUANG, | Case No.  5:26-cv-01373-RAO |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 3]** |
| FERETI SEMAIA, *et al.*, | |
| Respondents. | |

Petitioner, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 23, 2026, against Fereti Semaia, Warden, Adelanto ICE Processing Center; Ernesto Santacruz, Director of Enforcement and Removal Operations, ICE Los Angeles Field Office; Todd Lyons, Acting Director of ICE; Pamela Bondi, Attorney General; and Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"), all in their official capacities (collectively, "Respondents"), challenging his current immigration detention.  Dkt. No. 1 ("Pet.").  The same date, March 23, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order ("TRO") to enjoin Respondents from continuing to detain him at the Adelanto ICE Processing Center in Adelanto, California.  Dkt. No.

3.  The parties voluntarily consented to proceed to the undersigned on April 1, 2026. Dkt. No. 10.

The Petition states that Petitioner is a non-citizen currently detained in Adelanto ICE Processing Center.[1]  *See* Pet. ¶ 1.  Petitioner entered the United States on or about December 10, 2023, without inspection and was apprehended by ICE. *Id.* ¶ 15.  On December 11, 2023, DHS issued Petitioner a Notice to Appear before an immigration judge, placing Petitioner in removal proceedings.  *Id*. ¶ 16.  Shortly thereafter, Petitioner was released from ICE custody on his own recognizance.  *Id*. ¶ 17.  After being released, Petitioner applied for asylum.  *Id*. ¶ 18.  Petitioner's application was denied on November 26, 2025, by an immigration judge, and he appealed to the Board of Immigration Appeals.  *Id*.  Petitioner's appeal remains pending.  *Id*.

After his release in 2023, Petitioner complied with reporting requirements, worked to support himself, paid taxes, and lived peacefully in the community.  *Id*. ¶ 19.  On October 6, 2025, Petitioner appeared for a routine ICE check-in and was taken into custody.  *Id*. ¶ 20.  At the time of his re-detention, ICE took his personal belongings.  *Id*. ¶ 21.  Petitioner was not notified prior to his re-detention that he would be taken into custody and has not been provided a bond hearing.  *Id*. ¶¶ 22-23.

Petitioner alleges that his continued detention violates the Fifth Amendment's Due Process Clause (Count One) and Section 1226(a) of Title 8 (Count Two).  *Id*. ¶¶ 58–77.  The Petition seeks relief in the form of, *inter alia*, Petitioner's release or, alternatively, an order directing Respondents to provide Petitioner with a bond hearing.  *Id*. at 15.

Respondents filed their response to the Petition and *Ex Parte* Application for TRO on March 31, 2026 ("Answer").  Dkt. No. 8.  The Answer states that Petitioner

---

[1]  Publicly available ICE records confirm Petitioner's detention.  *See* https://locator.ice.gov (last visited May 11, 2026).

appears to be an eligible member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and accordingly, entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id*. at 2.[2] Respondents request that if a bond hearing is ordered, the timing of the hearing be consistent with what courts in this district have generally ordered, which is to require a Section 1226(a) bond hearing be held within seven days. *Id*. at 2-3.

Petitioner filed his Reply to Respondents' Answer on March 31, 2026 ("Reply"). Dkt. No. 9. Petitioner states that Respondents' position to limit the remedy to a bond hearing similar to the *Bautista* class, rather than immediate release, cannot be sustained because a bond hearing is not an adequate remedy. *Id.* at 2–3. Petitioner contends his situation is not the same as the *Baustista* bond-eligible class members because was previously detained, determined to be neither a flight risk nor danger to the community, and released by immigration authorities. *Id*. at 2. Because Respondents presented no evidence of any material change in his circumstances prior to re-detaining him, Petitioner argues he should be released from custody and receive a bond hearing before an immigration judge before he can be re-detained. *Id*.

The Court concludes that Petitioner had a statutory right to a bond hearing at the outset of his detention. *See G.S. v. Noem, et al.*, Case No. 5:26-cv-00549-JWH-RAO, 2026 WL 425692, at *3 (C.D. Cal. Feb. 13, 2026) (collecting cases finding petitioners similar to G.S. had a statutory right to a bond hearing at the outset of

---

[2] On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the *Bautista* court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as the they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal. *See Maldonado Bautista, et al. v. United States Dep't of Homeland Sec., et al.*, No. 26-1044, Dkt. No. 17 (9th Cir. Mar. 6, 2026).

detention).  Additionally, the Court agrees with Petitioner that he does not appear to be similarly situated to the *Bautista* bond-eligible class.  Accordingly, the Court will not follow the procedures typically ordered in *Baustista*-type cases.  However, the Court does conclude that Petitioner's detention is covered by Section 1226(a), and that he was entitled to—but did not receive—an individualized bond hearing at the outset of his re-detention.  This deprivation of an individualized hearing violated his statutory rights.

The Court also finds that Petitioner's present detention—without having been provided an individualized bond hearing at the outset of his re-detention—violated his constitutional due process rights.  *See Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5-6 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted).  It is settled law that the Due Process clause applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  In deciding what process is due, courts require that some type of hearing be held before the government deprives a person of liberty or property.  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

When determining what due process requires in the context of immigration detention, the Ninth Circuit has applied the three-part test of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  *Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022). The *Mathews* test requires consideration of the following factors in evaluating the degree of due process individuals in Petitioner's situation must be provided: (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedure, and "the probable value . . . of additional or substitute procedural safeguard"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews*, 424 U.S. at 335.  Here, the *Mathews* factors are satisfied – the private interest at stake, Petitioner's complete deprivation of liberty, is indisputably high;

4

with no justification offered for Petitioner's re-detention, the risk of error is also high; and the government's interest in detaining Petitioner without notice and a hearing is minimal.  In sum, the *Mathews* factors favor Petitioner, and the Court finds that procedural due process required pre-deprivation notice for the reasons of his re-detention and a post-deprivation hearing on the merits before an immigration judge at the outset.

In light of the Court's determination that Petitioner's statutory and due process rights were violated by the deprivation of an individualized bond hearing at the outset of his re-detention, IT IS ORDERED that:

(1)  The Petition is GRANTED;

(2)  Respondents are DIRECTED to release Petitioner FORTHWITH under the terms and conditions of his pre-re-detention release.  This Order does not provide Petitioner with blanket immunity from future detention, but any future enforcement actions after release must comply with due process requirements.

(3)  Respondents are DIRECTED to return to Petitioner at the time of his release all confiscated documents and possessions;

(4) Respondents are DIRECTED to file a status report within five (5) court days of this Order substantiating compliance with the Court's Order;

(5) Petitioner's *Ex Parte* Application for TRO is DENIED as MOOT; and

(6)  Within 30 days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED:  May 11, 2026

_____/s/_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE